WOOLSEY BURTON, Adm'r. of MIERS BURTON, surviving obligee of BENJAMIN BURTON and MIERS BURTON *vs.* JOHNSON W. CANNON, Adm'r. of WILLIAM CANNON, (of Ebe) deceased.

A judgment is presumed to have been paid after twenty years.
The presumption is rebutted by payments or admissions within that time.
Such admissions sufficient, though made to a third party.

SCIRE FACIAS on a judgment in the Court of Common Pleas, dated April 18, 1830, for $126. Real debt $63 46. Pleas, nul tiel record; payment; discount; set-off and release.

The witness proved that in July, 1844, William Cannon said he

owed the Burtons; talked about this judgment; or the bond on which it was entered. He talked about the length of time since he had signed the bond. He said he had paid $15, and would pay the balance. The bond was for $63 46½, and given about the middle of April, 1820.

*Mr. Houston* relied—1. That an acknowledgment to remove the presumption of payment arising from length of time, must refer positively to the debt, and not be doubtful.

2. That the plaintiff could not recover more than the penalty in the bond, or sum for which judgment is confessed. [*Steph. N. P.* 1273.]

*Mr. Layton* replied—1. That he had sufficiently connected the acknowledgment with the judgment; and that it was incumbent on the defendant to show other dealing, or matter to which the acknowledgment could apply. [9 *C. L. Rep.* 318; 1 *Bing.* 266; 3 *ib.* 119.]

2. That the plaintiff could recover beyond the penalty on a money bond.

*Charge to the Jury.*—The judgment is twenty-eight years old. No evidence is offered to support any of the pleas, except the plea of payment; and to sustain it, defendant relies on the rule of law, that the debt, from lapse of time, is presumed to have been satisfied. The rule is such in relation to a debt, whether due by bond or judgment, if more than twenty years old, and there has been no payment towards it, and no recognition or acknowledgment of it as a debt due, it is presumed to have been paid.

The presumption may be repelled by evidence of an express acknowledgment, recognition or admission on the part of the defendant, within twenty years, of the justness of the claim, and that it is still due; or by evidence of a payment on account of the principal or interest within twenty years; either of which is an implied recognition of the debt.

The acknowledgment or admission of the defendant is sufficient, whether made to the plaintiff or to a third person; but in either case, it ought to be an acknowledgment of the debt that is sued for, or ought expressly to refer to it.

Whether such acknowledgment has been made by the defendant is a question of fact, to be determined by the jury. But it is to be remarked, that where the plaintiff proves a general acknowledgment of indebtedness, the burden of proof lies on the defendant, to show

that the acknowledgment related to a different demand from the one in controversy. It is for the jury to say, whether the acknowledgments of the defendant referred to this judgment. The jury cannot find a verdict for a larger sum than the penalty, $126.